# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE LLC, § | |
|    *Plaintiff*, § | |
| § | |
| v. § | Case No. 6:16-cv-1361 RWS-JDL |
| § | |
| CATERPILLAR INC., *et al.*, § | |
|    *Defendant*. § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Magistrate Judge John D. Love's Report and Recommendation (the "Report") (Docket No. 43), which recommends that Defendant Caterpillar Inc.'s ("Caterpillar") Motion to Dismiss (Docket No. 17) be converted to a motion for summary judgment and granted, and that Plaintiff Blue Spike LLC's ("Blue Spike") claims against Caterpillar be dismissed with prejudice. Report at 1. The Report also finds that an award of fees may be appropriate under Federal Rule of Civil Procedure 11(b)(3). Also before the Court are Blue Spike's Unopposed Motion to Dismiss Just Defendant Caterpillar and Entry of Final Judgment (Docket No. 48) and its Response to the Report and Recommendation (Docket No. 49).

The above-styled matter was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636(b). The Court reviews *de novo* objected-to portions of the Report and otherwise reviews the Report for plain error. 28 U.S.C. § 636 (b)(1). Having reviewed the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Accordingly, and for the reasons that follow, the Court **ADOPTS** the Report, **DENIES** Blue Spike's Motion to Dismiss, and **GRANTS** summary judgment in favor of Caterpillar.

## I. Blue Spike's Response to the Report

In its Response to the Report, Blue Spike argues that in light of its Unopposed Motion to Dismiss Caterpillar (Docket No. 48), Caterpillar's Motion to Dismiss (Docket No. 17) and therefore the Report are moot. Docket No. 49 at 1–2. Blue Spike states that it "followed the advice of the Court's ruling and dismissed defendant Caterpillar with prejudice via stipulation pursuant to Rule 41(a)(1)(A)(ii)." *Id*. at 1.

However, Blue Spike has failed to fulfill the requirements of Rule 41(a)(1)(A)(ii) for voluntarily dismissing Caterpillar without a court order. This rule states in relevant part:

> Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.

FED. R. CIV. P. 41(a)(1)(A)(ii). Blue Spike's Motion to Dismiss Caterpillar, while unopposed, is not signed by Caterpillar. *See* Docket No. 48. The dismissal is therefore ineffective, and neither the Report nor the underlying Motion to Dismiss is moot. Accordingly, to the extent that Blue Spike's Response (Docket No. 49) represents an objection to the Report, it is **OVERRULED**.

## II. Recommendation to Convert Motion to Dismiss Under Rule 12(d)

In his Report, the Magistrate Judge first recommends converting Caterpillar's Motion to Dismiss to a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. Docket No. 43 at 4–5. The Magistrate Judge finds that the parties had ample notice of conversion and that both parties relied heavily on matters outside the pleadings, including a number of exhibits and sworn declarations. Neither party objected to the Magistrate Judge's recommendation in this regard. Converting Caterpillar's Motion to Dismiss to a Motion for Summary Judgment is proper.

### III. Recommendation to Grant Summary Judgment

The Magistrate Judge next recommends that summary judgment be granted in favor of Caterpillar because Caterpillar has demonstrated an absence of a genuine issue of material fact as to whether it performed any act that could constitute patent infringement (i.e. making, using or selling the accused products, etc.).

The Magistrate Judge relies on two unrebutted declarations from Caterpillar Senior Corporate Counsel Jamie Skinner and Bullitt Group Chief Operating Officer Lawrence Corbett. Both declarations indicate that Caterpillar's involvement in selling the accused Cat Phones is limited to being a trademark licensor and that Bullitt Group designs and markets Cat Phones, including by operating the catphones.com website. In light of the unrebutted evidence that Bullitt Group operates catphones.com, the Magistrate Judge finds irrelevant Blue Spike's evidence that Caterpillar owns the website. Report at 9. He further finds that Caterpillar's trademark license to Bullitt does not support a "partnership" that might subject Caterpillar to patent-infringement liability arising out of the sale of Cat Phones. *Id.* Finally, the Magistrate Judge finds that no evidence supports Blue Spike's allegation that Caterpillar is liable for joint infringement because Blue Spike offers no evidence that Bullitt acted as an agent of Caterpillar or that Caterpillar contracted with Bullitt to perform one or more steps of the patents-in-suit. *Id*. at 10.

The Magistrate Judge concludes that the record lacks evidence that could create a genuine issue of material fact that Caterpillar made, used, sold, offered to sell or imported the accused products, or that Caterpillar created, wrote or supplied any software used in the accused phones that would infringe the patents-in-suit. *Id.* Accordingly, the Magistrate Judge recommends granting summary judgment in favor of Caterpillar or, alternatively, granting dismissal on the basis pursuant to Rule 12(b)(6). *Id*. at 10–11.

Neither party objected to the findings, conclusions or recommendations of the Magistrate Judge. The Court finds no error in the Magistrate Judge's findings or conclusions and therefore **ADOPTS** the Magistrate Judge's Report and Recommendation as the findings and conclusions of this Court.

### IV. Blue Spike's Motion to Dismiss

In its Motion to Dismiss (Docket No. 48), Blue Spike requests that the Court dismiss with prejudice its claims against Caterpillar and enter final judgment. In light of the Court's adoption of the Report, Blue Spike's request for dismissal is moot. Further, although the Court has in other cases considered motions for attorney's fees after the entry of final judgment, it is more appropriate in this case to reserve final judgment until after the fees issue is resolved. Accordingly, the Court finds that Blue Spike's motion should be **DENIED**.

### V. Fees to Be Resolved Separately

As a final matter, the Magistrate Judge found that Rule 11(b)(3) sanctions may be appropriate in this case and, accordingly, ordered Blue Spike to show cause as to why it should not be sanctioned for filing and maintaining a frivolous lawsuit against Caterpillar. Docket No. 43 at 11. The parties submitted briefs pursuant to the Magistrate Judge's order. The undersigned requests that the Magistrate Judge prepare a supplemental Report and Recommendation as to whether and in what amount sanctions should be imposed.

### VI. Conclusion

For the foregoing reasons, it is

**ORDERED** that Caterpillar's Motion to Dismiss (Docket No. 17) is converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d);

**ORDERED** that summary judgment of non-infringement is **GRANTED** in favor of Caterpillar (Docket No. 17); and

**ORDERED** that Blue Spike's claims against Caterpillar are **DISMISSED WITH PREJUDICE**.  It is also

**ORDERED** that Blue Spike's Motion to Dismiss and for Entry of Final Judgment with Respect to Defendant Caterpillar (Docket No. 48) is **DENIED**.  It is also

**ORDERED** that this matter is referred to Magistrate Judge Love for determination of whether and in what amount fees should be awarded under Rule 11(b)(3).

**SIGNED this 8th day of May, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE