**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| NOOK DIGITAL, LLC | § | Civil Action No. 6:16-cv-1361-RWS-JDL |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |
| | § | |

**NOOK DIGITAL LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO TRANSFER**

1

# TABLE OF CONTENTS

**Page**

I. Introduction ...................................................................................................................5

II. Background ...................................................................................................................5

    A. Procedural History ............................................................................................5

    B. Nook Digital Is Incorporated in Delaware and Has An Established Place of Business In Only One Location: New York. .....................................................6

I. ARGUMENT ..................................................................................................................7

    A. Legal Standard ..................................................................................................7

    B. Nook Digital Does Not Reside in the Eastern District of Texas ..............................8

    C. Nook Digital Has No "Regular and Established Place of Business" in this District ...............................................................................................................9

    D. In the Alternative, the Court Should Transfer This Matter to the Southern District of New York. .......................................................................................10

III. Conclusion ..................................................................................................................11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*In re Cordis Corp.*,
  769 F.2d 733 (Fed. Cir. 1985) .................................................................................. 9

*Dubin v. United States*,
  380 F.2d 813 (5th Cir. 1967) ............................................................................... 8, 10

*Golf Doc LLC v. Teledyne Continental Motors Inc*,
  2016 WL 7451346 (E.D. Tex. 2016) ........................................................................ 8

*Harper v. Va. Dep't of Taxation*,
  509 U.S. 86 (1993) .................................................................................................... 7

*International Software Systems, Inc. v. Amplicon, Inc.*,
  77 F.3d 112 (5th Cir. 1996) ...................................................................................... 8

*Johnston v. IVAC Corp.*,
  681 F. Supp. 959 (D. Mass. 1987) ............................................................................ 9

*Langdon v. Cbeyond Commc'n., LLC*,
  282 F. Supp. 2d 504 (E.D. Tex. 2003) ..................................................................... 8

*NeuroRepair, Inc. v. The Nath Law Group*,
  781 F.3d 1340 (Fed. Cir. 2015) ................................................................................ 7

*In re Nintendo Co.*,
  589 F.3d 1194 (Fed. Cir. 2009) .............................................................................. 11

*Norsworthy v. Mystik Transport, Inc.*,
  430 F. Supp. 2d 631 (E.D. Tex. 2006) ..................................................................... 8

*Olberding v. Illinois Cent. R. Co.*,
  346 U.S. 338 (1953) .................................................................................................. 9

*Schnell v. Peter Eckrich & Sons*,
  365 U.S. 260 (1961) .................................................................................................. 9

*Stuebing Automatic Machine Co. v. Gavronsky*,
  No. 16-576 (S.D. Ohio June 12, 2017) ................................................................... 10

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  581 U.S. ___, 2017 WL 2216934 (May 22, 2017) .................................... 5, 7, 8, 9, 10

**Statutory Authorities**

28 U.S.C. § 1400(b) ........................................................................................................ 8, 9

28 U.S.C. §1404 ........................................................................................................ 7, 8, 11

28 U.S.C. § 1406 .................................................................................................. 5, 7, 8, 10, 11

28 U.S.C. § 1406(a) ................................................................................................... 7, 8, 10

**Rules and Regulations**

Fed. R. Civ. P. 12(b)(3)............................................................................................ 5, 7, 10, 11

**I.     INTRODUCTION**

Venue is improper in this District because the sole remaining defendant, Nook Digital LLC ("Nook Digital"), is incorporated in Delaware and has no "regular and established place of business" here. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. ___, 2017 WL 2216934 (May 22, 2017) ("*TC Heartland*"). Accordingly, Nook Digital respectfully moves to dismiss or, in the alternative, to transfer this case to the Southern District of New York, under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406.

**II.    BACKGROUND**

    **A.     Procedural History**

Plaintiff Blue Spike LLC ("Blue Spike") filed its Complaint in this case on December 7, 2016 against Barnes & Noble, Inc. and barnesandnoble.com LLC. (Dkt. 1.)[1] After learning that "barnesandnoble.com LLC no longer exists," (*see* Dkt. 11), Blue Spike filed an Amended Complaint adding Nook Digital on January 26, 2017. (Dkt. 12.) Blue Spike did not plead any specific facts regarding venue in either its Complaint or its Amended Complaint. (Dkt. 12 at 5.) After meeting and conferring with respect to which Barnes & Noble entities should be named as defendants in this case, the parties filed a joint stipulation dismissing Barnes & Noble, Inc. and barnesandnoble.com LLC on April 26, 2017. (Dkt. 66.) The Court granted the parties' stipulation and dismissed all claims against Barnes & Noble, Inc. and barnesandnoble.com LLC without prejudice on May 4, 2017, leaving Nook Digital as the sole remaining defendant. (Dkt. 68.)

---

[1] Blue Spike also named Polaroid Corporation, Caterpillar, Inc. and Pantech Wireless, Inc. as defendants in its original Complaint (Dkt. 1), but all three defendants have since been dismissed from the case. (Dkt. 15, 79, 84.)

Before filing this motion, Nook Digital met and conferred with Blue Spike to determine whether Blue Spike would consent to transferring this case to the Southern District of New York. Blue Spike rejected Nook Digital's transfer proposal.[2]

### B. Nook Digital Is Incorporated in Delaware and Has An Established Place of Business In Only One Location: New York.

Nook Digital, the only remaining Barnes & Noble defendant in the case, is a Delaware entity with a principal place of business in the Southern District of New York. (Gluck Dec. ¶ 2 and Ex. 1.)[3] Nook Digital does not have any offices, personnel or facilities in the Eastern District of Texas. (Gluck Dec. ¶ 4.)

The following facts are undisputed (and undisputable) and confirm that venue is improper:

- Nook Digital is incorporated in Delaware, not Texas.

- Nook Digital has no offices, rental property, or real estate in this District.

- Nook Digital does not maintain any warehouse, distribution center, or inventory in this District.

- Nook Digital does not contract with any administrative or financial services firms within this District.

- Nook Digital's principal place of business is in New York, New York.

- Nook Digital has no employees who reside in or regularly work in this District.

---

[2] Nook Digital preserved its venue objection in its answer (Dkt. 23 at 3, 12), disclosed the factual basis in its initial disclosures (Eiseman Decl. Ex. 1 at 5), and has not previously filed any motions to dismiss or transfer this case.

[3] References to "Gluck Decl." refer to the Declaration of Josh Gluck, and references to "Eiseman Decl." refer to the Declaration of David Eiseman, both of which are being submitted concurrently herewith.

(Gluck Decl. at ¶ 2-5.)

## I. ARGUMENT

On May 22, 2017, the Supreme Court held that that venue in a patent case is only proper where: (a) where the defendant is incorporated; or (b) where acts of infringement have occurred and where the defendant has "a regular and established place of business." *TC Heartland,* 518 U.S. \_\_, 2017, WL 2216934, *8 (U.S. May 22, 2017). In other words, following *TC Heartland*, personal jurisdiction is no longer sufficient to establish venue against a corporate defendant in a patent case.[4] *Id.* As to Nook Digital, venue is only proper in Delaware or the Southern District of New York.

Because venue is improper in this District, this case should be dismissed under Rule 12(b)(3). If the Court is inclined to transfer rather than dismiss, the Court should transfer the case to the Southern District of New York, which is where the vast majority of Nook Digital's employees work, and where all of Nook Digital's documents are stored.[5]

### A. Legal Standard

Fed. R. Civ. P. 12(b)(3) permits a motion to dismiss where the plaintiff has selected an improper venue for suit. 28 U.S.C. § 1406(a) similarly allows a court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been

---

[4] Although the Supreme Court issued *TC Heartland* after Blue Spike initiated this case, *TC Heartland* applies because "the Supreme Court's interpretation of federal civil law 'must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate the Supreme Court's announcement of the rule.'" *NeuroRepair, Inc. v. The Nath Law Group*, 781 F.3d 1340, 1345 (Fed. Cir. 2015) (*quoting Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993)).

[5] The parties' initial Docket Control Order set a deadline of May 9, 2017 for the parties to "file motion to transfer venue." (Dkt. 62.) Nook Digital, however, does not believe the May 9 deadline prevents the current motion for at least the following reasons: (1) the current motion is a motion to dismiss under § 1406, not a motion to transfer under § 1404; and (2) the May 9, 2017 deadline fell before the Supreme Court's *TC Heartland* decision.

brought." Under either statute, when an objection to venue is raised under § 1406(a), "the burden is on the plaintiff to establish the district it chose is proper." *Golf Doc LLC v. Teledyne Continental Motors Inc*, 2016 WL 7451346, at *4 (E.D. Tex. 2016) (collecting authorities); *Norsworthy v. Mystik Transport, Inc.*, 430 F. Supp. 2d 631, 633 (E.D. Tex. 2006); *Langdon v. Cbeyond Commc'n., LLC,* 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003).

Under § 1406(a), dismissal or transfer is mandatory where venue is improper: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added); *see also International Software Systems, Inc. v. Amplicon, Inc.,* 77 F.3d 112, 115 (5th Cir. 1996) ("[t]here is no basis . . . to import the discretionary federal standard of section 1404(a) . . . to the instant cases [brought under § 1406]); *Dubin v. U.S.*, 380 F.2d 813, 816 (5th Cir. 1967) ("In substance, § 1404 is the statutory enactment of the doctrine of forum non conveniens tempered to allow transfer rather than dismissal. By contrast, § 1406 operates in cases where the first forum chosen is improper in the sense that the litigation may not proceed there.")

**B.  Nook Digital Does Not Reside in the Eastern District of Texas**

Although Blue Spike alleged in its Complaint that venue was proper on the basis of personal jurisdiction (Dkt. 12 at 5), being subject to personal jurisdiction in a district is unquestionably not a valid basis for venue following *TC Heartland*. With respect to the first prong of § 1400(b),[6] the Supreme Court in *TC Heartland* held that a defendant "resides" only in

---

[6] For context, the full text of the patent venue statute reads, "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

its "state of incorporation." 2017 WL 2216934, at *7. Thus, following *TC Heartland,* Nook Digital "resides" in only one district: the District of Delaware. (*See* Gluck Decl. Ex. 2 .) Accordingly, Blue Spike cannot establish venue in this District under the first prong of § 1400(b).

### C. Nook Digital Has No "Regular and Established Place of Business" in this District

Nor can Blue Spike establish venue under the second prong of § 1400(b), which allows a defendant to be sued "where the defendant has committed acts of infringement *and has a regular and established place of business*." 28 U.S.C. § 1400(b) (emphasis added). The Supreme Court has held that the venue requirements of § 1400(b) are "specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." *Schnell v. Peter Eckrich & Sons*, 365 U.S. 260, 264 (1961) (*quoting Olberding v. Illinois Cent. R. Co*., 346 U.S. 338, 340 (1953)). When determining whether a defendant has a regular and established place of business "the appropriate inquiry is whether the corporate defendant does its business in that district *through a permanent and continuous presence there . . .*" *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985) (emphasis added).[7] "[T]he regular and established place of business standard requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the 'doing business' standard of the general venue provision." *Johnston v. IVAC Corp.*, 681 F. Supp. 959, 962 (D. Mass. 1987); *see also*

---

[7] *In re Cordis Corp*. was the last Federal Circuit case on the second prong of § 1400(b). In that case, the Federal Circuit held that a district court had not made a manifest error in finding that a "regular and established place of business" existed where the corporate defendant: (1) employed two full-time sales representatives who each continually maintained home offices and inventory in the district; and (2) engaged a secretarial service that created an appearance that the corporation was an established business in the district. *Id*. at 737. Nook Digital's connections to this District do not come anywhere close to those at issue in *In re Cordis Corp.*

*Stuebing Automatic Machine Co. v. Gavronsky*, No. 16-576 (S.D. Ohio June 12, 2017), D.E. 42 at 7 (applying *TC Heartland* and finding "(1) solicitation of sales and completion of transactions in [the] district; (2) exchange of emails, telephone calls, and product specifications with customers in [the] district; (3) receipt of purchase orders and payment from customers in [the] district; [and] (4) shipment of infringing product to [the] district" by defendant were *not* sufficient to show a regular and established place of business).

Under this standard, there is no question that Nook Digital lacks a "regular and established place of business" within the Eastern District of Texas. Blue Spike has not pled any specific facts to support its conclusory allegation that Nook Digital "does business in the State of Texas," (Dkt. 12 at 5), nor can it do so. Nook Digital's sole U.S. facilities are located in New York, New York. (Gluck Decl. ¶ 3.) None of Nook Digital's employees reside within the Eastern District of Texas. (*Id.* ¶ 4.) And Nook Digital does not own, operate, or lease any facilities within the Eastern District of Texas. (*Id.* ¶ 4.) At bottom, Nook Digital has no connection to the Eastern District of Texas sufficient to support venue, and certainly no "regular and established place of business." For these reasons, the Court should dismiss Blue Spike's Amended Complaint under Rule 12(b)(3).

**D.   In the Alternative, the Court Should Transfer This Matter to the Southern District of New York.**

If the Court is not inclined to dismiss Blue Spike's Amended Complaint, Nook Digital moves in the alternative to transfer this case under 28 U.S.C. § 1406. Section 1406 "operates when there exists an obstacle—either incorrect venue, absence of personal jurisdiction, or both—to a prompt adjudication on the merits in the forum where originally brought." *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967). Under § 1406(a), a court may transfer an action that would otherwise be dismissed "to any district or division in which it could have been brought" so long as it is "in the interest of justice to order it." *Id.*

Transferring this case to the Southern District of New York would be proper because this case could have been brought there in the first instance. Among other things, both personal jurisdiction and venue are proper in the Southern District of New York because Nook Digital has a permanent and established place of business in that district. (Gluck Decl. at ¶¶ 2-5.) Moreover, Nook Digital's witnesses and documents are located in the Southern District of New York, and that district is the only location where relevant evidence from Nook Digital exists. (*Id.* at ¶¶ 5.) This factor alone makes it a better choice for transfer than any other location in which venue might be proper. *Cf.* 28 U.S.C. §1404; *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009) ("A motion to transfer venue should be granted upon a showing that the transferee venue is 'clearly more convenient' than the venue chosen by the plaintiff.").

### III. CONCLUSION

For the foregoing reasons, Nook Digital respectfully requests that the Court grant its motion to dismiss Blue Spike's Amended Complaint under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406 or, in the alternative, transfer this case to the Southern District of New York.

Dated: June 28, 2017

Respectfully submitted,

*/s/ David Eiseman*
David Eiseman
davideiseman@quinnemanuel.com
Lindsay Cooper
lindsaycooper@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

**ATTORNEY FOR DEFENDANT NOOK DIGITAL, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on June 28, 2017.

*/s/ David Eiseman*
David Eiseman
