# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **BLUE SPIKE, LLC,** § § § **Plaintiff,** § § **v.** § § **CATERPILLAR, INC., BARNES & NOBLE, INC., BARNESANDNOBLE.COM LLC, PANTECH WIRELESS, INC., POLAROID CORPORATION, NOOK DIGITAL, LLC,** § § § § § § § **Defendants.** | **CIVIL ACTION NO. 6:16-CV-01361-RWS** |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On July 28, 2017, the Magistrate Judge issued a Report and Recommendation (the "Report") (Docket No. 97) recommending that Defendant Nook Digital, LLC's ("Nook Digital") Motion to Dismiss, or in the Alternative, Transfer (Docket No. 86) be granted.

Blue Spike, LLC ("Blue Spike") filed a Motion to Reconsider Magistrate Judge Love's Report and Recommendation to Grant Nook Digital's Motion to Dismiss[1] (Docket No. 100). Nook Digital filed a response (Docket No. 104). Although both Blue Spike's Motion and Nook Digital's

---
[1] Though Blue Spike presents its arguments in the form of a motion for reconsideration, the Court considers them as objections to the Report pursuant to Federal Rule of Civil Procedure 72(b)(2).

response were untimely,[2] the Court nonetheless considers the parties' briefings and conducts a *de novo* review of the Magistrate Judge's Report. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636.

In his Report, the Magistrate Judge recommends that Nook Digital's motion to dismiss for improper venue be granted because Blue Spike failed to rebut Nook Digital's assertions that it lacks a regular and established place of business in this District. Docket No. 97 at 7. The Report notes that, instead, each of Blue Spike's arguments as to why venue against Nook Digital is proper relates to its parent company *Barnes & Noble, Inc.'s* activities in the District, and not to *Nook Digital's* activities. *Id.* at 5 (emphasis added). The Magistrate Judge found that, "beyond noting that Barnes & Noble, Inc. is Nook Digital's corporate parent, Blue Spike does not make any sort of legal argument about the nature of the relationship between Nook Digital and Barnes & Noble, Inc." such that venue in this District would be proper for Nook Digital. *Id.* at 5–6.

Blue Spike objects to the Report on four grounds: (1) venue is proper over Nook Digital, (2) Nook Digital made misrepresentations to Blue Spike resulting in an improper dismissal of Barnes & Noble, Inc., (3) Nook Digital waived its rights to oppose venue, and (4) pending multi-district litigation weighs in favor of denying Nook Digital's motion to dismiss. *See* Docket No. 100. Though Blue Spike repeats many of the same arguments already considered by the Magistrate Judge, the Court addresses each objection in turn.

Blue Spike first argues that venue is proper in this District because the accused devices are sold exclusively by Nook Digital's parent company Barnes & Noble, Inc. Docket No. 100 at 2. Blue Spike also presents new evidence in support of its assertion that Nook Digital is "directed

---

[2] The Report was docketed at 4:01 P.M. on July 28, 2017. Blue Spike's motion for reconsideration was docketed at 12:02 A.M. on August 12, 2017, 15 days after the Report was docketed. Nook Digital's Response was docketed at 6:56 P.M. on August 28, 2017, two days after a response was due. Rule 72(b)(2) states in relevant part that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy."

and controlled by Barnes & Noble and shares corporate directors." *Id*. at 3. Blue Spike cites to public statements made by Barnes & Noble's Chief Digital Officer, Fred Argir, which indicate that he has overlapping responsibilities for Barnes & Noble, BarnesandNoble.com, and Nook." *Id*. at 3 (citing Exs. 1–3).

Even accepting as true that one of the officers for Barnes & Noble, Inc. has shared responsibility over Nook Digital, that fact alone is not sufficient to show a lack of a "formal separation of the entities." *See* Docket No. 97 at 6; s*ee also Teledyne Ryan Aeronautical Co. v. Montgomery Ward & Co.*, 326 F. Supp. 813, 820 (D. Colo. 1971); *Technograph Printed Circuits, Ltd. v. Epsco, Inc.*, 224 F. Supp. 260, 263 (D.C. Pa. 1963) (where the courts did not impute the acts of a subsidiary to its parent corporation for the purpose of venue even though there was an overlap of directors or officers). Moreover, Nook Digital provides a sworn affidavit stating that Nook Digital and Barnes & Noble, Inc. "are separate companies and maintain all corporate formalities." Docket No. 95-1 (Ebisike Decl., ¶ 2). The affidavit further states that Nook Digital and Barnes & Noble "maintain separate books and records, separate bank accounts and separate assets." *Id*. For the same reasons stated in the Report, the Court is not persuaded that Blue Spike has put forth sufficient evidence that Barnes & Noble, Inc. and Nook Digital acted as a single enterprise such that Barnes & Noble's presence in this District should be imputed to Nook Digital for the purpose of determining venue. *See* Docket No. 97 at 6.

Blue Spike's argument that venue is proper because Nook Digital maintains inventory, advertises and markets, and receives substantial benefits in this District is similarly lacking in merit. Docket No. 100 at 4–5. Blue Spike relies only on evidence specific to *Barnes & Noble* to support its assertions, and none of the evidence presented by Blue Spike points to activities performed by Nook Digital. *Id*. (citing to Ex. 5) (emphasis added). To the contrary, Nook Digital

asserts in its affidavits that it "does not maintain any warehouse, distribution center, or inventory in Texas." Docket No. 86-3 (Gluck Decl., ¶ 3). Blue Spike's arguments are therefore without merit.

Blue Spike's second basis for reconsideration is that Nook Digital made misrepresentations which led to Blue Spike dismissing Barnes & Noble, Inc. from this action. Docket No. 100 at 5. As the Magistrate Judge states in his Report, Blue Spike cites to neither evidence nor authority to support an allegation of gamesmanship against Nook Digital. *See* Dockets No. 97 at 6; 100 at 7 n.3. In any case, regardless of whether Barnes & Noble, Inc. had remained as a party in this action, Blue Spike's accusations are inconsequential because the Court must consider whether venue is proper with respect to each defendant. Docket No. 97 at 6 (citing to 28 U.S.C. § 1400(b); *Magnacoustics, Inc. v. Resonance Technology Co.*, No. 97–1247, 1997 WL 592863, at *1 (Fed. Cir. Sept. 25, 1997) ("[A]s firmly established by judicial decisions, in an action involving multiple defendants venue and jurisdiction requirements must be met as to each defendant.")).

Third, Blue Spike takes issue with the timing of when Nook Digital filed its motion to dismiss. Docket No. 100 at 7. Blue Spike argues that Nook Digital waived its right to oppose venue because it delayed in filing its motion until the Court ruled on claim construction. *Id*. Though Nook Digital could have filed its Motion more expeditiously, the Court agrees with the Report that Nook Digital properly preserved its improper venue defense in its Answer, and filed its Motion while the case remained in its early stages. Docket No. 97 at 5. Any assertion of improper litigation conduct is unsupported by authority or evidence.

Finally, Blue Spike argues that its pending multi-district litigation request weighs in favor of denying Nook Digital's Motion. Docket No. 100 at 8 (citing the Report at 7). Blue Spike

ignores the fact that it filed for multi-district litigation after Nook Digital had already filed its Motion. Regardless, the Court agrees with the Magistrate Judge that a venue determination should not be stalled "simply on the basis that the plaintiff filed a request for multi-district litigation." Docket No. 97 at 7.

Having made a *de novo* review of the written objections filed by Plaintiff in response to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and that Plaintiff's objections are without merit. It is therefore

**ORDERED** that the Report and Recommendation filed on July 28, 2017 is **ADOPTED** in its entirety as the findings of this Court.

Accordingly, Blue Spike's Motion to Reconsider (Docket No. 100) is **DENIED**.

Furthermore, Nook Digital's Motion to Dismiss or, in the Alternative, to Transfer (Docket No. 86) is **GRANTED** and Blue Spike's Complaint is **DISMISSED WITHOUT PREJUDICE**.

Any motion not previously ruled on is **DENIED**.

**SIGNED this 19th day of September, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE